150 So.2d 361

### CITY OF MOBILE

v.

### STATE of Alabama ex rel. Robert E. CHASON et al.

I Div. 67.

Supreme Court of Alabama.

Dec. 20, 1962.

Rehearing Denied Feb. 28, 1963.

Wm. R. Lauten and Ralph Kennamer, Mobile, for appellant.

W. Borden Strickland and Michael E. Zoghby, Mobile, for appellees.

MERRILL, Justice.

This appeal is from a judgment in quo warranto proceedings to test the right of the City of Mobile to exercise any authority over certain territory which had been annexed to the city following an election which resulted in a majority voting for annexation.

On May 1, 1961, the City Commissioners of Mobile, by appropriate resolution, sought to annex certain described territory in Mobile County. The resolution was presented to the probate judge, together with the required map or plat. The land comprised one contiguous tract. The probate judge ordered an election on the question of annexation as required by the statute, Tit. 37, § 141, Code 1940.

The probate judge exercised his discretion and divided the territory into two voting boxes and designated the voting boxes as Box 1 and Box 2. This right and power is expressly granted in Tit. 37, § 143, Code 1940. The election was held on June 3, 1961, and the total vote was 301 for annexation and 229 against. On June 5th, the probate judge made an order that the corporate limits of Mobile were extended so as to embrace all the territory.

The relators filed their petition in the instant case on August 1, 1961, in the circuit court, to have the entire annexation proceeding declared void. Trial was held on the 15th day of May, 1962, and the trial court's order seems to have gone along with the vote in the two boxes. The vote in Box 1 was: For annexation, 267; Against annexation, 2. Box 2: For annexation, 27; Against annexation, 172, with 7 challenged votes being cast for and 55 against. The probate court had included the challenged votes in arriving at the total of 301 votes for and 229 votes against.

The trial court held that the territory occupied by the voters who voted in Box 1, it being of a character suitable for annexation, should remain a part of the City of Mobile. As to the territory occupied by the voters who voted in Box 2, he held the annexation proceedings void because the nature and character of the area in Box 2 was not suitable for annexation nor within the contemplation of the statutory procedure for annexation.

The question for decision is whether the trial court erred in holding the annexation proceeding void as to that part of the territory in which Box 2 was located, while holding it valid as to that part where Box 1 was located, when the application was for the annexation of the entire tract, the election was held on that question, and a majority of the voters approved annexation of the entire territory.

We have not been cited to any Alabama authority which permits any court to reach the conclusion arrived at here. The one question submitted to the voters was annexation of a certain bounded territory. The choice was all or none. The mere fact that one box voted for and the other against does not authorize the court to split the result according to the results of the two boxes when the majority of the voters approved the annexation of the whole territory.

Appellees cite some Mississippi cases where such procedure was followed but the law of that state is different than ours. There, a city wishing to annex territory passes an ordinance defining the territory and the improvements and services proposed to be rendered, and then petitions the chancery court that the enlargement of the municipal boundaries be ratified, approved and confirmed by the Court. Sections 3374–10–11, Mississippi Code of 1942. And § 3374–13 provides that "the chancellor shall have the right and the power to modify the proposed enlargement or contraction by decreasing the territory to be included in or excluded from such municipality, as the case may be." See In re Extension of Boundaries of City of Meridian, 237 Miss. 486, 115 So.2d 323; In re City of Philadelphia, 232 Miss. 582, 100 So.2d 100. Our statutes give no such authority to our courts in annexation proceedings.

It should be borne in mind that the relators here are not complaining about the annexation of their property, but filed this proceeding charging that the "entire annexation proceedings of the City of Mobile complained of is void."

No contention is made here that there is any irregularity in the annexation proceedings or that a majority of those voting in the territory did not favor annexation.

From the question presented to us, we are constrained to hold that the trial court erred in holding that the territory embraced in Box 1 was annexed and the territory in Box 2 was not annexed where the proposition to be settled by the voters under Tit. 37, § 138 et seq. was whether the entire territory should be annexed to the City of Mobile.

It follows that the judgment of the circuit court is reversed and the cause remanded to permit the circuit court to dismiss the quo warranto proceedings.

Appellees have cited quite a few cases from other jurisdictions and we refer briefly to a few to show that they are not in point. In Griffing Park v. Port Arthur, 36 S.W.2d 593 (Tex.Civ.App.), one municipality was attempting to annex a neighboring municipality and it was held that such proceeding was totally void.

In City of Sarasota v. Skillin, 130 Fla. 724, 178 So. 837, the annexed lands "were remote from the City of Sarasota, were separated from it by Little Sarasota Bay, were wild and unoccupied, were sparsely settled, and had at no time received any municipal benefits nor were any in prospect." The plaintiffs there filed a suit to restrain the City of Sarasota from collecting taxes from them even though their property had been included in territory annexed to the City of Sarasota by legislative act some seven years prior thereto. It was not an attempt to declare the annexation void as to all inhabitants.

In City of Lexington v. Rankin, 278 Ky. 388, 128 S.W.2d 710, more than ninety per cent of the resident free holders had objected to annexation. Under the Kentucky law, if more than fifty per cent opposed annexation, the burden was on the city to show that failure to annex would materially retard the prosperity both of the city and of the inhabitants of the territory sought to be annexed. The city failed to meet this burden.

Reversed and remanded.

LIVINGSTON, C. J., and SIMPSON and HARWOOD, JJ., concur.